**MCGUIREWOODS LLP**
JOSEPH M. CRITTENDEN (SBN 340271)
Two Embarcadero Center, Suite 1300
San Francisco, California 94111-3821
Telephone: (415) 844-9944
Facsimile:  (415) 844-9922
E-Mail: jcrittenden@mcguirewoods.com

Attorney for Defendant
Tom Scrivener

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| STEVE GRAND,<br><br>  Plaintiff,<br><br>vs.<br><br>TOM SCRIVENER,<br><br>  Defendant. | CASE NO. 8:23-cv-00890-CJC-KES<br><br>**DEFENDANT TOM SCRIVENER'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:            June 26, 2023<br>Time:            1:30 p.m.<br>Courtroom:  9B |

**TO ALL PARTIES AND COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT ON June 26, 2023 at 1:30 pm in Courtroom 9B of the United States District Court for the Central District of California, located at Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, Defendant Tom Scrivener will and hereby does move to dismiss the Complaint filed by Plaintiff Steve Grand. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 23, 2023. Defendant was unable to meet and confer on May 19, 2023, seven days before this filing because it was delayed in filing several related notices of removal. However, Defendant and Plaintiff have repeatedly engaged in informal settlement discussions dating back to May 11, 2023 in hopes of resolving these matters without involving the Court. Thus, Defendant requests the Court exercise its discretion in hearing the motion on the merits.

This Motion is brought on the grounds that:

1) Plaintiff fails to state why this Court has personal jurisdiction over the Defendant.

2) Plaintiff's allegations fail to state a claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*

The Motion is based on this Notice, the Memorandum and Points of Authorities filed concurrently herewith, on all documents on file with the Court in this matter, and on any arguments the Court may consider at the hearing.

Dated: May 25, 2023                                       MCGUIREWOODS LLP

By: /s/ *Joseph M. Crittenden*
Joseph M. Crittenden
Attorney for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Tom Scrivener ("Defendant") hereby moves to dismiss with prejudice and without leave to amend the Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff's Complaint is a misguided and legally improper attempt to drag Defendant, the Chief Operations Executive of Bank of America, N.A. ("BANA"), into small claims court for the alleged acts of the bank and/or its representatives. But the Complaint is defective in every way and must be dismissed. Notwithstanding the fact that Defendant was never served with the Complaint,[1] this Court lacks personal jurisdiction over the Defendant, and even if it did, the Complaint fails to state a claim against Defendant upon which relief might be granted. For these reasons and those set forth in more detail below, the Complaint should be dismissed with Prejudice.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed the underlying action in the Superior Court of Orange County California, Small Claims Court, on April 19, 2023. ECF No. 1-2 ("Compl."). The Complaint states only the following:

> Due to identity theft someone and not me charged $139,000 on Bank of America's credit cards-I was contacted by collections representing B of A…I explained to them that the debt is not mine – I'm registered on do not call list and they are violating TCPA federal consumer call law as the debt is not mine, moreover, asked them to email me documents regarding the matter – they never did.

*Id.* Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant removed this action to this Court on May 19, 2023. ECF No. 1.

///

---

[1] Upon information and belief, the Complaint was delivered to a BANA branch location in Huntington Beach, California. Defendant does not work or reside in the State of California.

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(2).

When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Plaintiffs need only make a *prima facie* showing that jurisdiction exists, and can rely on allegations in the pleading to the extent they are not controverted by the moving party. *See id.*; *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach*, 453 F.3d at 1154-55. To satisfy due process, a defendant must have sufficient "minimum contacts" with that forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two recognized bases for exercising personal jurisdiction over a nonresident defendant: (1) general jurisdiction, which arises where defendant's activities in the forum are sufficiently substantial or continuous and systematic to justify the exercise of jurisdiction over all matters; and (2) specific jurisdiction, which arises when a defendant's specific contacts with the forum give rise to the claim in question. *See Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

#### B. Fed. R. Civ. P. 12(b)(6).

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, even under the liberal pleading standard, plaintiff must provide more than mere labels, conclusions, and formulaic recitations of their claims' requisite elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff must

allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

IV. ARGUMENT

**A. This Court Lacks Personal Jurisdiction Over Defendant.**

Plaintiff alleges no facts against Defendant in his Complaint. Instead, he complains of actions allegedly taken by a collection agency retained by BANA to collect on a debt. Without any jurisdictional allegations, Plaintiff's Complaint must be dismissed because Defendant is not subject to personal jurisdiction in this Court. *See Hofelich v. Hawaii*, 2005 WL 8173305, at *3 (S.D. Cal. Sept. 26, 2005); *see also Modulus Fin. Eng. Inc. v. Modulus Data USA Inc.*, 2020 WL 2512785, at *7 (D. Ariz. May 15, 2020) (granting defendant's 12(b)(2) motion where the complaint "contains virtually no jurisdictional allegation").

Further, no leave to amend should be given, as the Plaintiff *cannot* make the prima facie showing required for this Court to exercise jurisdiction. Plaintiff does not allege that Defendant lives in California, has his regular place of business in California, nor any facts to connect whatever cause of action the Plaintiff is asserting to any actions Defendant took in California. Other federal courts routinely grant motions to dismiss for lack of personal jurisdiction filed by BANA's top executives with prejudice where the Plaintiff fails to allege that the executives were personally involved in the complained of actions Accordingly, Plaintiff's Complaint should be dismissed with prejudice. *Anderson V. Bank of Am., N.A.*, 2014 WL 12587072, at *2 (S.D. Tex. Jan. 27, 2014), *report and recommendation adopted sub nom. Anderson v. Bank of Am., NA*, 2014 WL 12587073 (S.D. Tex. Feb. 25, 2014) (listing cases).

**B. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted.**

The sole claim against Defendant in the Complaint appears to be for an alleged violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. As noted above, Plaintiff alleges that as a result of "collections representing BANA" contacting him, "they are violating [the] TCPA." ECF No. 1-2.

As an initial matter, Plaintiff failed to even state the three elements of a TCPA claim: "(1) the defendant called a cellular telephone number; (2) using an [automatic telephone dialing system]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). And "[d]irectors of officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 83 Cal.Rptr. 418, 423 (1970). Plaintiff did not allege that Defendant called him, nor does he allege that the Defendant used an automatic telephone dialing system. Therefore, Plaintiff's claim should be dismissed under Rule 12(b)(6) for failing to state a claim. Moreover, because the Complaint only makes allegations of conduct of BANA and its "representatives," relief may not be sought from corporate executive who does not directly participate in the action.[2] *Id.* Therefore, Plaintiff's TCPA claim should be dismissed with prejudice. *See Tatten v. Bank of America Corp.*, 912 F. Supp. 2d 1032, 1039 (D. Colo. 2012) (dismissing with prejudice claims against BANA executive sued in his official capacity where those claims are more properly asserted against the corporation).

To the extent the Complaint can be read to seek to impose vicarious liability, that claim also fails. "A defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Gomez v. Campbell-Ewald Co.*,

---

[2] Common sense compels the conclusion that Defendant, the Chief Operations Executive of one of the world's largest banks would not personally call the Plaintiff or direct a call be made to him.

768 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 136 S.Ct. 663 (2016), *as revised* (Feb. 9, 2016); There is no allegation, nor could there be, that some unnamed collection agency, who is "*representing* BANA" (not Defendant), is this Defendant's agent.

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and this action should be dismissed with prejudice.

## V.   CONCLUSION

It is obvious from the nature of the Complaint, that any potential claims the Plaintiff thinks he has should be made against BANA, not the Defendant in his individual capacity.  No amendment to the pleadings can change that fact.  This Court does not have personal jurisdiction over the Defendant, and Plaintiff has failed to a state a claim upon which relief can be granted for violation of the TCPA.  Accordingly, this action should be dismissed in its entirety, with prejudice.

Dated:  May 25, 2023

*/s/ Joseph M. Crittenden*_____
Joseph M. Crittenden
Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2023, I electronically submitted the foregoing using the Court's CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing email from the Court to the registered email addresses of the interested parties in this case.

I further caused to be deposited the foregoing in a box or other facility regularly maintained by an overnight service carrier, or delivered such documents to a courier or driver authorized by the overnight service carrier to receive documents / in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person named below:

STEVE GRAND
507 19TH STREET
HUNTINGTON BEACH, CA 92648


/s/ *Joseph M. Crittenden*
Joseph M. Crittenden