JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| STEVE GRAND,<br><br>      Plaintiff,<br><br>    v.<br><br>TOM SCRIVENER,<br><br>      Defendant. | Case No.: SACV 23-00890-CJC (KESx)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS (Dkt. 8) AND DISMISSING PLAINTIFF'S COMPLAINT AGAINST DEFENDANT WITH PREJUDICE** |

**I.   INTRODUCTION & BACKGROUND**

In this case, originally filed in small claims court, *pro se* Plaintiff Steve Grand alleges that Defendant Tom Scrivener, Bank of America's Chief Operations Executive, violated the Telephone Consumer Protection Act ("TCPA"). (Dkt. 1-2 [Complaint, hereinafter "Compl."].) He alleges that:

> Due to identity theft someone and not me charged $139,000 on Bank of America's credit cards-I was contacted by collections representing

> B of A…I explained to them that the debt is not mine - I'm registered on do not call list and they are violating TCPA federal consumer call law as the debt is not mine, moreover, asked them to email me documents regarding the matter - they never did.

(*Id.* ¶ 3.a.)  Plaintiff seeks $2,000 in damages "for torment, harassment, stress, credit card fraud, identity theft, TCPA – DNC consumer violation calls, wrongful credit reporting," and "50+ hours [spent] trying to resolve this matter with B of A and their debt collector." (*Id.* ¶ 3.c.)  In addition to this case, Plaintiff also filed identical complaints against Brian Moynihan, Bank of America's Chairman and CEO, Dean Athanasia, its President of Regional Banking, Geoffrey Greener, its Chief Risk Officer, and Alastair Borthwick, its Chief Financial Officer.  Now before the Court is Defendant's unopposed motion to dismiss.  (Dkt. 8.)  For the following reasons, the unopposed motion is **GRANTED** and Plaintiff's Complaint against Defendant is **DISMISSED WITH PREJUDICE**.[1]

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  To survive a motion to dismiss, a complaint

---

[1] Having read and considered the papers presented by the parties, the Court finds these matters appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 26, 2023 at 1:30 p.m. is hereby vacated and off calendar.

must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.   ANALYSIS

Plaintiff alleges that he received unlawful collections calls for debt on a Bank of America credit card resulting from identity fraud. (Compl. ¶ 3.) However, Plaintiff fails to adequately allege that Defendant—Bank of America's Chief Operations Executive—is either directly or vicariously liable for any alleged TCPA violations. Direct liability under the TCPA applies to those who actually made the offending telephone calls or sent the offending text messages. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. 2014), *aff'd,* 136 S. Ct. 663 (2016), *as revised* (Feb. 9, 2016); *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) (affirming district court's determination that direct liability did not apply because "the actual sender of the text" message was not the defendant, but "a separate provider of text-message based services"). Plaintiff does not plausibly allege that Defendant was the person who called him regarding the credit card debt. Rather, Plaintiff alleges he "was contacted by collections representing B of A." (Compl. ¶ 3.a.; *see id.* ¶ 3.c. [referring to time Plaintiff spent "trying to resolve this matter with B of A and their debt collector"].)

Nor does Plaintiff sufficiently allege vicarious liability. "A defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship . . . between the defendant and a third-party caller." *Gomez*, 768 F.3d at 879. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and

subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Hartranft v. TVI, Inc.*, 2017 WL 11249764, at *2 (C.D. Cal. Mar. 9, 2017) (quoting Restatement (Third) Of Agency § 1.01 (2006)). A TCPA claim may generally only proceed against a corporate officer or director when they are alleged to have some "direct, personal participation in" or to have "personally authorized the conduct" that allegedly violates the statute, such as designing or authorizing telemarketing activity or deliberately turning off do-not-call lists. *Mora v. Zeta Interactive Corp.*, 2016 WL 3477222, at *2 (E.D. Cal. June 27, 2016) (collecting cases). "[U]nadorned labels" are insufficient to allege an agency relationship. *Armstrong v. Investor's Bus. Daily, Inc.*, 2018 WL 6787049, at *10 (C.D. Cal. Dec. 21, 2018). Plaintiff has not alleged that the collections representative that called him was Defendant's agent, or that Defendant otherwise participated in or authorized the call to Plaintiff. *See Gomez*, 768 F.3d at 879; *Mora*, 2016 WL 3477222, at *2. Accordingly, he has failed to allege vicarious liability for any TCPA violations.

Moreover, Plaintiff's Complaint fails to allege the elements of a TCPA claim. "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Plaintiff does not allege Defendant called a cellular telephone number or used an automatic telephone dialing system.

"Although leave to amend 'shall be freely given when justice so requires,' it may be denied" when it "would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)). "Amendment is futile if the claim sought to be added is not viable on the merits." *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021). That is the case here. Nothing in the record suggests that Plaintiff could

allege new facts sufficient to plausibly state a TCPA claim against Defendant. Indeed, Plaintiff has not even filed an opposition or otherwise requested leave to amend.

IV.   **CONCLUSION**

For the foregoing reasons, Defendant's unopposed motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

DATED:   June 7, 2023

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE